Good morning, Your Honors. May it please the Court, Daniel Kohler from Southwestern Law School, under the supervision of Caleb Mason, for the petitioner Francisco Alfonso Acevedo De Leon. May I reserve one minute for rebuttal? Certainly. Thank you. Your Honors, the BIA's determination that Acevedo was statutorily ineligible for cancellation of removal should be reversed because the record cannot support the classification of his 2009 conviction for petty theft with priors as an aggravated felony. Because the unique idiosyncratic record before the Court today contains a transcript that definitively establishes the lack of any factual admissions underlying the petitioner's guilty plea, United States v. Rivera, decided September 23, 2011, does not control this case. I'm confused about that for two reasons. One is it wasn't in the record at the time. So I know we have in fairly narrow circumstances allowed the submission, but as I understand those allowances there were never for the substantive unless it was in the BIA's record. They were not for substantive purposes. They were for purposes essentially of showing what the BIA should have considered or could have considered and supported a remand and never supported a determination on the merits. Is that accurate? I'm sorry. Would you rephrase the question? Are you asking whether the transcript can be considered? I'm asking – I'm saying that when we have allowed evidence external to the administrative record, it has never been under the kinds of circumstances that you are asking us to do now. Is that right or wrong? No, Your Honor. The – well, yes, in terms of the factual basis of the cases that have dealt with this issue, but the Court in listing the INS in Dent v. Holder has left itself discretion to consider out-of-record documents that were not before the BIA in order to apply. Well, in Dent, they were in the BIA's possession. Listing, I can't remember quite, but there was also some unique circumstance. I'm sorry. Did you say Dent was in the possession of the INS? Yes. Isn't that right? No, I don't think so. It was – well, at issue in that case were – Well, the second thing I don't understand is what good that transcript does you. Because there was – there was a reference to where the factual admission was, i.e., in the police report. So you look at the police report, that's where – what's being admitted to. So what's the problem? He didn't look at it, but so what? The problem is that Taylor requires facts, and this transcript demonstrates that the record is completely devoid of facts. But we know where to find the facts. The facts were findable. The facts are in a police report that's not a judicially noticeable police – Taylor document, because it was not incorporated by reference into the complaint as required by United States v. Espinoza-Cano. Under this Court's case law, the United States v. Sheppard, the Supreme Court of the United States, essentially rejected the government's contention that the government could consider – that the Court could consider a police report on its own. In interpreting that decision, this Court has held that a police report incorporated by reference into the complaint can become a Taylor document. However, that wasn't done here. The only reference to this complaint, to this transcript whatsoever – excuse me, to this police report whatsoever is an oral reference at the time of the plea hearing. And that – there's no precedent for allowing that to be – What did the BIA actually – I'm wondering why you need the transcript. Did the BIA have enough in front of it to have concluded that he had pled guilty to an aggravated felony without the transcript? We seek to introduce the transcript in order to demonstrate that at no time during the underlying state conviction proceedings were there any factual admissions made. Were there any – was there any unitary set of facts or any facts made a part of the Taylor record? In the absence of any facts, it cannot be said that the Taylor modified categorical approach to generically narrowing an overbroad statute of limitations was satisfied. This is what I don't understand. If he – as I understand Shepard and so on, and maybe I'm wrong, if he had gotten up and admitted – and if somebody had read into the record what was in the police report, that would have been okay. Yes, Your Honor. So what difference does it make that it wasn't read into the record when it was said, This is where it is. It's in this police report. So it's incorporating it. Why not? Well, by – because the Taylor modified – We don't happen to have it because no one's given it to us, but we could. Well, it's not a document on its own that can be considered in a Taylor analysis. It isn't being considered on its own. It's being considered because it was incorporated into the plea colloquy. Yes, Your Honor. But it was not incorporated by reference into the complaint. The only instance in the – But why – but I just asked you whether it had to be in the complaint. You said it didn't have to be in the complaint. It could have been that he could have – they could have stood up and read it as part of the plea colloquy, and that would have been good enough. Yes, Your Honor, because then the actual facts contained within the police report would be within the plea colloquy, which is a judicially noticeable Taylor document. And what is the difference? If they had simply attached the police report, what difference does it make? Because we would be – if they had incorporated by reference and attached it, it would be within this whole – this whole United States case. But as a panel, we would be able to work – All right. Let's suppose we didn't think this could come in at all. Okay. Let's go on with the argument on that theory. Okay. Because it seems to me that then what you have is a mess of case law as to whether the plea to a fairly specific complaint was good enough without saying as charged. That's the core of the issue, isn't it? Yes. If we disregard the transcript, then we rely on the United States view at all as charged. But our case law is a mess, isn't it, on this? It is. But that doesn't mean that Vidal's been overruled. At this point, it remains good law. But the Rivera Court, which is the most factually on-point case that the – to the instant case, which dealt with a plea to an identically worded complaint alleging a theft of personal property in violation of Section 44 and 666, did not address the Vidal rule. There's no – therefore, the Vidal rule – And Vidal didn't address the Snellenberger rule. I mean, we just have bunches of cases kind of passing in the night. Yes, Your Honor. Well, in part, it's because the – because the – for example, in Snellenberger, the issue wasn't really squarely presented. But we have language that would contradict Vidal. That's where we are. That's not his problem. That's our problem. No, it's our problem. I was accusing you of it. I was indicting myself. I was on both those panels. I didn't catch it. Yes, Your Honor. But nonetheless – Maybe what you should tell us is why we should – I mean, given the mess, why the right rule ought to be the Vidal rule. Because the tailor-modified categorical approach exists to hold the government to a minimum standard of clarity in underlying State proceedings that it later seeks to use as deportation or sentence enhancement predicates. A oral reference to an outside-of-the-record, unknowable, indiscernible set of facts does not meet this bar. It's entirely possible, based on this transcript, that at the time of that guilty plea, Acevedo and the prosecutor had different sets of facts in mind, one within the generic definition of a theft offense and one without, both embodied within this police report. That legal possibility forecloses a finding that the tailor-modified categorical approach has been satisfied. And that's – I do happen to know – I assume you don't know – but I have the impression that one reason this rule, the as-charged rule, may make sense in California and maybe not elsewhere is because California does seem to have some box on some of the plea forms that say as-charged or don't say as-charged. Is that right? Do you know? I'm not honestly familiar with that. I'm sorry. But this Court – at this point, the United States v. Vidal remains good law. Acevedo does, in part, rely on that rule today. Additionally, he asks that the Court exercise its discretion to take notice of the transcript in order to distinguish his case from Rivera, where the Court justifiably assumed that a guilty plea through a generically narrow charging document constituted an admission of facts amounting to a generic offense. In light of this unique idiosyncratic record, which demonstrates an actual absence of evidence – there is evidence of absence as opposed to an absence of evidence. There is an affirmative demonstration that the record contains – the Taylor record contains no actual facts. On the existing record without the transcript, was the VIA's decision that there was an aggravated felony that rendered him ineligible for cancellation supported by substantial evidence? I believe it would be supported by some evidence, but this Court will review that de novo, I believe. Okay. Thank you, counsel. We'll reserve time for rebuttal, and we'll hear from the government. Good morning, Your Honors, and may it please the Court. My name is Rob Stolzer. I'm here on behalf of the Attorney General. I think, Your Honors, you've put your finger on it, that in these various cases that the Ninth Circuit is dealing with this complicated issue of trying to find out whether or not a defendant has been sentenced to the generic Federal offense that would make them removable or ineligible for some relief, and not just an overbroad State statute, we always want to look into those – into the documents that were available to see if we've got that narrowing language. And here we do. But was the transcript available? Was the police report that the transcript relies on available? And if so, why didn't the government put that in? I don't know what was available to the Department of Homeland Security attorney. Well, we have the transcript, and it references a police report. Why couldn't – But it's not – if Petitioner wanted us to consider that transcript here, the proper  So if we were to remand so that the V.I.A. can consider the transcript, what it's going to find out is that there's no facts that are in the transcript that can be – can support the aggravated felony. And I think that's irrelevant to our problem here, Your Honor. What we want to do is make sure that he wasn't sentenced just to the generic statute. That was the Vidal problem, was that it said simply that he was found convicted under the statute. Here we don't have that problem because the minute order of the judge specifically says I'm sentencing you under count one. So then we can turn to count one of the felony complaints, and unlike many felony complaints, it doesn't just recite the generic statutory language. But I thought – I mean, Vidal is opaque in some ways, but it was my understanding in Vidal that the alternative was an accessory after the fact, right? And the understanding was – I thought it was the – when they said it was in the generic language of the statute, they didn't mean that it wasn't narrowing but it was still in the generic language of the statute. In other words, it was – it did seem to be alleging a principle and not an accessory, but it only did it in the language of the statute. Right. And at the time, I think it was still viewed as overbroad, the statute there. And that's why that's – That was not my understanding of what was going on there. And – well, as far as – What about – we have a pending on bank case, Young v. Halter, which is somewhat related to this. Is it sufficiently related to this from what you know that we ought to be just vacating submission on this case? I don't – I don't know the answer to that question, Your Honor. I don't know how similar they are. In particular, my understanding here is that he was relying on – that the question came up not with regard to his removability but with regard to his availability for a waiver. Is that right? That's correct. Removability is not at issue here. And so does that mean the burden of proof is different? It is. The burden of proof, because he's seeking relief from removal, is on the Petitioner, which is why I would draw this Court's attention to the Rivera case. In that case, it was a criminal case, and with very similar documents, this Court found that the government had met its burden, because that was a criminal case. The government bore the burden. Here, it's the other way around, and we have the same documents, which would seem to indicate that if they were certainly sufficient to – in a criminal proceeding, they would be sufficient in a removal proceeding like this. But that also means, I assume, that if there was a problem in upbringing this transcript, it was his problem, not your problem. Of course. I don't think the transcript really gets us anywhere, Your Honor, because we don't need it. It would be superfluous. The transcript mentions count one. The judge says, I'm sentencing you to – he says, you're going to plead to count one. And he says, yes, sir. And then the Court says, as to count one, how do you plead? And he says, guilty. We keep going back to count one, count one of the felony complaint with the number that's listed, which means it's an appropriate judicially noticeable document. We can now try to count one. Kagan. What about the question of whether this is judicially noticeable at all? What's your position on that? Which one? Whether the transcript is judicially noticeable. I think it would be, because it has all the indicia of reliability. By us, it's judicially noticeable? I believe so, Your Honor. Really? Because it's one of the – I think it was – it was either Shepard or Taylor said similar documents. And it doesn't matter that it wasn't before the agency? Can't we only review things that were before us? Well, I gather your argument would be that if we're ready to consider it, then we ought to remand it to the BIA. I mean, Judge Gerson's question is why should we judicially notice the document? I misunderstood your question, Your Honor. I thought you were referring to whether the plea colloquy would come under the Shepard-Taylor documents that are judicially noticeable. That's not what I asked. And the Moncat. You were asking me if they were noticeable here. And no, Your Honor, they're not. Because they're not a part of the record below, they're not – they're not – the statute precludes the Court from relying on them. So how would you describe the – we have now developed some exceptions to that rule. How would you describe the exceptions? Well, I would say that the Court has viewed – has looked at some documents, not so much for their content, but to show the existence of other documents, which is, I think, what we're looking at here. We're questioning, well, did we need this document to come in? And my answer to you is no, we didn't. Because the minute order is so clear that the judge is referring to count one of the felony complaint, we can just go straight to the felony complaint, which says that it was the taking of personal property, which is within the Federal generic definition of theft. But do you know the answer to my question about California plea forms? My impression is that they do have an as-charged box, which you can either check or not check. It's a county-by-county thing, Your Honor. I was a clerk out here at the Immigration Court for many – for two years. And it depends on counties. I think L.A. County does and San Bernardino County, but I don't think Orange County does. So if you had that form and it weren't checked, it would seem to have some significance. Yes, and this is San Bernardino County. I don't know what was – like I said, I don't know what was available to the Department of Homeland Security. Sometimes the documents are lost or they're irrecoverable, depending on when they occurred. And I have no idea, Your Honor. I think a really fundamental problem is we don't know for sure what he pled guilty to. And that the nicety about the as-charged rule is then we know with certainty what he pled guilty to. I disagree that we don't know what he pled to. Because the judge was so clear saying you're being sentenced personally to count one, we can look at count one and see. Right. But counts often charge things that have, you know, more than one. Oh, yes, Your Honor. And he's pleading guilty to count one, but it's not necessarily as it was charged. Yes, Your Honor. So, if it had been, for example, an overbroad, just a recitation of the statute, which happens so often in felony complaints and felony information, they just recited it separately. But more than that, count one was he did X in violation of Y. Right? All that really matters is the Y. The X doesn't matter to him. So when he's pleading to count one, unless he says as-charged, why isn't the – why – how do we know that he wasn't just pleading to the conviction as opposed to the facts? Well, because the judge used that language. She didn't say – or, excuse me, it was a male judge in this case. He didn't say, you're pleading guilty pursuant to a violation of Penal Code 434. He said, you're pleading guilty pursuant to count one, which has the narrowing language that we heard. Yes, but what he said was the plea agreement is you're going to plead – and then there's the plea agreement, which also calls into question what exactly he pled to. The plea agreement is you're going to plead to count one, 666, petty theft with the prior. So – and he says, is that your understanding? So he's pleading to petty theft with the prior. And that's what we tend to want to look at. He's pleading to count one, petty theft with the prior. Right. We can go back to the felony complaint and look at count one, and it gives us that, like I said, crucial narrowing language that's never been brought to mind. I suppose, but that's sort of the same argument that we had in Vidal. And Vidal was pretty careful about the as-charged language. I mean, in Snellenberger, nobody argued. The question was, could you use a minute entry, really, among many questions in Snellenberger. And to the extent they're inconsistent, I think it's really because the as-charged issue just didn't appear – it wasn't raised by anybody in Snellenberger. Now, I realize when you take – put the cases side by side, there's an inconsistency. But, I mean, that's – that's – I think in both cases, Your Honor, the court is simply trying very hard to make sure that the aliens have been sentenced pursuant to the actual generic definition of theft and not the overbroad state statute. And so that's why sometimes it's difficult. They may be – appear inconsistent, but the concern is always the same. We want to make sure that the alien was actually sentenced pursuant to conduct that would comport to generic theft. And in this case, we don't – we don't have that doubt because the felony complaint is so clear. It's not written in overbroad terms. It specifically mentions the theft of personal property. It would have been better if it had said he stole a VCR, you know, and then he pled guilty to that. Yes, Your Honor. That would have been at least more compelling. Particularly because it was a plea. If, in fact, what was going on in his head was, well, I didn't really take property from Wal-Mart. I really took services from Wal-Mart. But, you know, why should I tell the judge that? It doesn't make any difference. It's still the same story. So there's no point to it. Well, if that were the case, Your Honor, certainly it is Petitioner's burden now to raise it because he's seeking relief. So he faces the burden of demonstrating that he wasn't convicted of an aggravated felony. So it's not so much the problem of publicity. No, but you see, now you're falling – I mean, this is the whole mess with the Taylor modified categorical approach. He doesn't have to prove what he did. He has to prove what he was convicted of. So he doesn't have any burden to stand up and say I really – what I really stole was services. He only has the burden to say I wasn't convicted of stealing property necessarily. Now, maybe it's the necessarily that isn't good enough when the burden is on him. And that's an interesting question. Maybe he has to prove what he actually was convicted of. And that is an issue in Young v. Holder. That seems to be the issue now as to which there's been supplemental briefs. Is it, Your Honor? Well, in that case, perhaps we'll have some clarification on these issues in the near future. In any case, because Petitioner was convicted – my time is up – because Petitioner was convicted pursuant to the narrow generic Federal definition, personal property and not theft of labor, he is convicted of an aggravated felony. And this Court lacks jurisdiction over the petition for review. Is there another question, Your Honors? Thank you. Thank you. Rebuttal. Your Honors, the government essentially argues Rivera that because Acevedo pled to a complaint alleging theft of personal property in violations 686 and 484 that he admitted a generic offense. However, Rivera is distinguishable. In this case, different documents are before the Court. This Court should choose to take notice of the transcript, which underlies – which demonstrates that at the time of this plea hearing, there was no unitary set of facts. At the end of the day, Taylor requires facts in the Taylor record. And this record is completely devoid of facts. All right. Let's forget for a moment the transcript. How is this different from Rivera? If the – outside of the transcript, the only other way we can distinguish Rivera is on the Vidal rule. Is what? On the Vidal rule. The as-charged end rule. Yeah. But you're not distinguishing – because Rivera didn't have the as-charged either. It at least disappears in the case. Right. We've raised the Vidal argument, whereas the Petitioner in that case had not. I see. And that's essentially how we're going to distinguish it. So this Court should choose to take notice of the transcript. Well, I mean, if we were inclined to consider it, why wouldn't the better remedy be to determine the BIA for reconsideration in the first instance or not a trial court? The Court can freely do that. It's obviously within the Court's discretion. I think it's a winnable case if the Court does that. The Taylor record is the Taylor record. And this Court can choose on a Trudenovo review to make its own Taylor determinations to the legal sufficiency of the BIA's finding, or it can remand to the BIA for consideration in light of the transcript. We have precedent that does that. I'm sorry? And we have precedent that supports doing that. So what if you remand it, and first of all, the burden is on you. So do you have to come up with a police report at that point, or your position is the police report isn't relevant? It's not that it's not relevant, Your Honor. It's that it's not noticeable. It's not one of the limited categories of Taylor documents approved by this Court or by the United States Supreme Court to establish whether or not the defendant necessarily admitted facts amounting to a generic offense. It wasn't incorporated by record. So it's not. We know that. It's not. But in this case below, Acevedo's attorney stipulated that it could form the factual basis. How does that change things? Because, Your Honor, we don't know what that factual basis is. I understand that, but you're going around in circles now. What I was asking is if we were remanded, and since it was said what the factual basis is, i.e., it's what's in the police report, then why don't you have to come forward with the police report? Because this Court has not held that you can do so. There is precedent saying that a police report on its own is not the case. But it's not on its own. It's incorporated. This Court can choose to widen the evidentiary cast for Taylor considerations to include police reports that have only been orally referenced in a plea colloquy, but at this point that does not give rise to a sufficient Taylor document. Any further questions? Thanks for your argument. Thanks to Southwestern Law School and our friends there. We appreciate you taking on these cases and appreciate your appearance here.  Thank you, counsel.
judges: Thomas, Wardlaw, Berzon